UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TAURUS BUTLER, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )    CAUSE NO. 3:09-CV-056 TLS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
|     Respondent. | ) |

## OPINION AND ORDER

Taurus Butler, a prisoner proceeding pro se, is serving a 160-year sentence for his 1998 Allen County, Indiana, convictions for two counts of murder as a habitual offender. He has filed this petition for writ of habeas corpus [ECF No. 19] pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. The Respondent argues that the Petition should be denied because Butler's claims are time barred and procedurally defaulted. For the reasons stated below, the Petition is denied.

## FACTS

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Butler's burden to rebut this presumption of correctness with clear and convincing evidence. *Id.* The Indiana Supreme Court set forth the facts regarding Butler's convictions as follows:

> On the evening of May 2, 1997, Brenda Stephens was in her home in Fort Wayne with her sons, Andre, age sixteen, and Linus, twelve, and her two nephews, Derriel Jones, thirteen, and Emmanuel Jones, five. Gunfire erupted and Emmanuel was struck with a high-powered round that destroyed the left side of his head. He died at the scene. Andre was also shot and was taken to the hospital where he died several hours later of a wound to the abdomen.
> Shortly after the shooting, Robert Hatch and Bernard Weaver gave statements to police implicating Butler as the shooter. Weaver and Butler were arrested and both were charged with two counts of murder. Butler was also

> charged with being a habitual offender. Butler went to trial seven months later, but moved for a mistrial after Weaver, who was in jail awaiting trial, entered into a plea agreement requiring him to testify against Butler. The trial court granted the mistrial.
>
> At Butler's retrial several months later, Weaver testified that Butler fired the shots in Stephens' house under the mistaken belief that it was the home of Jermaine Norris, who Weaver believed was out to kill Butler. According to Weaver, shortly before the murders Butler said that "everybody in that house got to go."

*Butler v. State*, 724 N.E.2d 600, 602 (Ind. 2000). A jury found Butler guilty as charged and found him to be a habitual offender. *Id*. The trial court sentenced Butler to an aggregate 160–year sentence. *Id*.

Butler appealed and raised the following claims: (1) the second trial violated the Double Jeopardy Clause of the Fifth Amendment; (2) the trial court erroneously instructed the jury during the habitual offender phase; and (3) the State impermissibly commented on his failure to testify. *Id.* at 601–02. February 5, 2000, the Indiana Supreme Court affirmed Butler's convictions and sentence. *Id.* at 600.

On August 28, 2000, Butler filed a pro se petition for state post-conviction relief. (Pl.'s Resp. Ex. A, 68, Dec. 4, 2009, ECF No. 22.) Following a hearing, the court denied Butler's petition for post-conviction relief. (*Id.* at 88.) Butler appealed and claimed that he received ineffective assistance of trial and appellate counsel, and also brought the same newly discovered evidence claim that he is raising in this habeas corpus petition. (*Id.* at Ex. F, 4.) On June 17, 2008, the Indiana Court of Appeals affirmed the post-conviction court's denial of relief. (*Id.* at Ex. B, 94–95.) Butler attempted to seek further review by the Indiana Supreme Court, however the appeal was received by the court after the deadline for appeal had expired and it was returned to Butler. (*Id.* at Ex. D, 5.)

On April 16, 2009, Butler field a Petition for Writ of Habeas Corpus with this Court, which he signed on April 3, 2009. Subsequently, he filed an Amended Petition on October 26, 2009. The Respondent filed a return, and informed Butler of the deadline for filing a traverse. That deadline expired over six months ago, but Butler has not responded. Therefore, the Petition is ripe and the Court will rule on it.

## LEGAL STANDARDS

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30–31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853–54.

3

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's." Buie v. McAdory, 341 F.3d 623, 626–27 (7th Cir. 2003) (emphasis in original).

## ANALYSIS

Butler claims that he is entitled to federal habeas relief because he received ineffective assistance of trial and appellate counsel and because he has newly discovered evidence. [ECF No. 19.] However, Butler's failure to present these claims to the Indiana Supreme Court constitutes a procedural default that bars federal review of his claim here. Butler raised these claims in his post-conviction relief petition and appealed them to the Indiana Court of Appeals, but that did not fully exhaust the remedies available to him at the state level.

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is

> the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at 276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025–1026 (7th Cir. 2004) (parallel citations omitted). Here, Butler did not raise his issues to the Indiana Supreme Court, thus he did not fully exhaust the remedies available to him.

In his petition, Butler attempts to show cause for not presenting his claims to the Indiana Supreme Court. "I was mislead by my attorney at the time which who said she would file petition but at last minute backed out not informing me till days that she would not proceed in the fileing." (Am. Pet. for Writ of Habeas Corpus, Oct. 26, 2009, ECF No. 19.) Although Butler blames his appellate counsel for his failure to file the petition on time to the Indiana Supreme Court, this is not a reason to excuse his late filing. *Szabo v. Walls*, 313 F.3d 392, 397 (7th Cir. 2002) ("It is settled as a matter of federal law that poor post-conviction lawyering does not relieve a prisoner of what is otherwise a forfeiture under state law."). Further, his lawyer is not external to his defense. *Murray*, 477 U.S. at 492. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). Therefore, Butler cannot use this to excuse his late filing.

Finally, it appears from his Petition that Butler may be trying to use the newly discovered evidence claim to assert that he is innocent. These claims, which were raised in his post-conviction relief proceedings, relate to the "firearm examiner's analysis of two weapons being fired (only one presented at trial)." (Am. Pet. for Writ of Habeas Corpus 9, Oct. 26, 2009, ECF No. 19.) However, that evidence only suggests that there might have been a second weapon, which does nothing to suggest that Butler did not use the weapons. As noted above, the burden is on the petitioner to show that he is innocent, not merely make a claim of new evidence that does nothing to demonstrate his innocence. *See Buie*, 341 F.3d at 627–628.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus [ECF No. 19] is **DENIED.**

SO ORDERED on September 2, 2010

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION
